Jaquez v Union Radio Dispatch, Inc. (2018 NY Slip Op 03746)





Jaquez v Union Radio Dispatch, Inc.


2018 NY Slip Op 03746


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


111250/11 6657A 6657 6656 6655

[*1] Daniel Jaquez, et al., Plaintiffs-Appellants-Respondents, Jose Cruz Molina, et al., Plaintiffs,
v
Union Radio Dispatch, Inc., Defendant-Respondent-Appellant.


Garvey Cushner & Associates PLLC, White Plains (Lawrence A. Garvey of counsel), for appellants-respondents.
Miguel A. Santiago, Bronx, for respondent-appellant.



Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered March 2, 2017, restoring to all plaintiffs except Daniel Jaquez all right, title and interest to their shares as stockholders in defendant, and awarding them damages, unanimously affirmed, without costs. Appeals from order, same court and J.H.O., entered January 10, 2017, which determined, after a trial, that defendant terminated plaintiffs' shareholder rights and denied them dividends in violation of its bylaws; order, same court and J.H.O., entered December 30, 2016, which dismissed plaintiff Jaquez's claims as time-barred and determined that plaintiffs Tatis, Ortiz and Santos were passive shareholders, and order, same court and J.H.O., entered January 10, 2017, which determined that plaintiffs Cruz Molina, Beras and Benitez were entitled to damages for weekly radio dispatch fees based on 48 weeks of work each year, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.
Plaintiff Jaquez's claims, which are based on defendant's breach of its bylaws, were correctly dismissed as untimely under
the six-year statute of limitations for contract actions (see Pomerance v McGrath, 124 AD3d 481 [1st Dept 2015], lv dismissed 25 NY3d 1038 [2015]; CPLR 213[2]). Jaquez was expelled from the corporation in May 2005. This action was commenced in or about October 2011, about five months after the statute of limitations had run.
The court correctly determined that plaintiffs Ortiz, Tatis and Santos are passive shareholders within the meaning of the corporate bylaws (see Beardslee v Inflection Energy, LLC, 25 NY3d 150, 157 [2015]). The bylaws unambiguously provide that a shareholder who has worked for the company for three years may stop working and maintain his or her shareholder rights, but that, after three years of inactivity, the shareholder will stop receiving dividends as an active shareholder. Ortiz, Tatis and Santos presented no evidence that they remained active shareholders.
Defendant was not denied a fair trial as to liability. The court correctly ruled as a matter of law that, under the bylaws, plaintiffs' shareholder rights were improperly terminated, on the undisputed ground that plaintiffs did not receive a disciplinary hearing upon 72 hours' advance notice. The factual basis that defendant sought to establish at trial for ejecting plaintiffs from the corporation was legally insufficient to alter the court's conclusion. The court's determination [*2]that plaintiffs Cruz Molina, Beras and Benitez were entitled to damages based on a 48-week year is not against the weight of the evidence.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK