■ BRENDA POMERANCE, on Behalf of Herself and in the Right of 310 WEST 52 STREET CONDOMINIUM ASSOCIATION, Respondent-Appellant, v BRIAN SCOTT MCGRATH et al., Appellants-Respondents. [2 NYS3d 436]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered June 30, 2014, which, to the extent appealed from as limited by the briefs, (1) granted plaintiff's motion for leave to amend her amended complaint to the extent of accepting the first, third, fifth, eighth, tenth, eleventh, twelfth, thirteenth, fifteenth, and seventeenth causes of action in the proposed "Verified Second Amended Complaint (Revision 1)," (2) denied the motion to the extent of striking the second, fourth, sixth, and ninth causes of action without leave to replead and the seventh cause of action as against Robert J. Braverman without leave to replead, and (3) denied defendants' motion for summary judgment on the fifth cause of action of the amended complaint, unanimously modified, on the law, to also strike the first, third, fifth, eighth, tenth, eleventh, twelfth, and seventeenth causes of action, and otherwise affirmed, without costs.

Plaintiff was not prohibited from amending her amended complaint, and plaintiff's mere lateness in moving to amend is not a barrier to amendment (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Nor have defendants shown that they were prejudiced by plaintiff's delay (*see id.*). Defendants' alleged expenditure of $200,000 in legal fees so far does not constitute prejudice (*see e.g. Jacobson v McNeil Consumer & Specialty Pharms.*, 68 AD3d 652, 654-655 [1st Dept 2009]).

However, some of plaintiff's proposed claims are "palpably insufficient or patently devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010]). Indeed, although plaintiff's first cause of action, which alleges that individual board members violated the subject condominium's bylaws, is not time-barred (*see Brasseur v Speranza*, 21 AD3d 297, 297-298 [1st Dept 2005]), it is insufficient. The violation of bylaws is akin to a breach of contract (*see Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 6 [2d Dept 1987]), and the "participation in a breach of contract will typically not give rise to individual director liability" (*Fletcher v Dakota, Inc.*, 99 AD3d 43, 47 [1st Dept 2012]; *see also Hixon v*

*12-14 E. 64th Owners Corp.*, 107 AD3d 546, 547 [1st Dept 2013], *lv denied* 22 NY3d 862 [2014]). For the same reasons, leave to amend should have been denied as to the eighth cause of action, and as to the tenth, eleventh, and twelfth causes of action insofar as they allege violations of the bylaws as against individual board members.

To the extent the twelfth cause of action alleges that the board violated the bylaws by failing to "muster[ ] a quorum" of unit owners for the annual election of board members, that claim is insufficient, as plaintiff cites no authority actually imposing such a duty on the board.

The eighth cause of action is also barred by the business judgment rule. The business judgment rule, which applies to the board of directors of a condominium (*see Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium*, 65 AD3d 985, 989 [1st Dept 2009]), provides that a court should defer to the board's determination so long as the board acts in good faith, within the scope of its authority under the bylaws, and to further a legitimate interest of the condominium (*see id.*; *see also 40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003]). Whether the board acted within the scope of its authority under the bylaws is a necessary threshold issue (*see Perlbinder*, 65 AD3d at 989). In the eighth cause of action, plaintiff alleges that the board acted outside the scope of its authority under the bylaws because it failed to get approval from unit owners of an improvement costing more than $10,000. However, the bylaw provision on which plaintiff relies is not applicable to the elevator project at issue, because the project did not constitute an improvement; rather, it merely involved "the replacement of existing building components that had fallen into a state of disrepair" (*Gennis v Pomona Park Bd. of Mgrs.*, 36 AD3d 661, 663 [2d Dept 2007]).

The business judgment rule also bars the seventeenth cause of action, which alleges that the board acted in bad faith and for an improper purpose by wasting the condominium's funds on unnecessary litigation with the Sponsor. The bylaws give the board the power to negotiate and settle "all claims and actions relating to the Condominium." The issues of how aggressive the board should be toward the Sponsor, and whether it should discontinue a lawsuit against the Sponsor, are matters of business judgment.

The tenth and eleventh causes of action as against the board and its members, alleging an improper assessment in violation of the bylaws, are barred by the business judgment rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]).

The thirteenth and fifteenth causes of action, seeking to inspect certain documents, are a permissible repleading of causes of action in the original complaint.

Although a nonclient may sue an attorney for aiding and abetting misconduct (*see Joel v Weber*, 197 AD2d 396, 397 [1st Dept 1993]), the motion court properly denied leave to add the second, fourth, sixth, and ninth causes of action. The second and ninth causes of action, alleging that Braverman and his firm aided and abetted violations of the bylaws, are insufficient. As noted above, violating a bylaw is akin to breaching a contract, and no cause of action exists for aiding and abetting a breach of contract (*see Purvi Enters., LLC v City of New York*, 62 AD3d 508, 509 [1st Dept 2009]).

The fourth cause of action is time-barred. This claim alleges that Braverman and his firm aided and abetted the board's violation of Real Property Law § 339-bb, which requires the board to give unit owners written notice of any termination of the condominium's insurance. Plaintiff alleges that the termination occurred in or around October 2008. She moved to add claims against Braverman and his firm in August 2013. "A claim that a person aided and abetted a tort is governed by the same statute of limitations that is applicable to the underlying tort allegedly aided and abetted" (*Hudson v Delta Kew Holding Corp.*, 43 Misc 3d 1223[A], 2014 NY Slip Op 50756[U], *4 [Sup Ct, Suffolk County 2014]). The three-year statute of limitations under CPLR 214 (2), as opposed to the six-year statute of limitations under CPLR 213 (1), applies to the underlying statutory violation at issue (*see Hartnett v New York City Tr. Auth.*, 86 NY2d 438, 443-444 [1995]). Accordingly, the fourth cause of action is untimely. For similar reasons, the third cause of action, alleging a violation of Real Property Law § 339-bb, is time-barred.

The fifth cause of action, ostensibly for fraud, does not state a viable claim for fraud. Rather, this cause of action, brought more than four months after the election in question, amounts to a time-barred attack on the results of that election (*see* CPLR 217 [1]; 7801). Moreover, plaintiff's arguments that more candid communications from defendants would have led to the election of a new board, and that this hypothetical new board would have averted the alleged losses, are too speculative to support a claim for damages.

Plaintiff's sixth cause of action, alleging that Braverman and his firm aided and abetted the board's allegedly fraudulent conduct, is insufficient. A plaintiff alleging an aiding-and-abetting fraud claim must allege, among other things, that the

defendant substantially assisted in the underlying fraud (*Oster v Kirschner*, 77 AD3d 51, 55 [1st Dept 2010]). Plaintiff merely alleges that Braverman and his firm failed to act. "[T]he mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff" (*Kaufman v Cohen*, 307 AD2d 113, 126 [1st Dept 2003]). "[T]he fiduciary duties owed by a limited partnership's attorney to that entity do not extend to the limited partners" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 561 [2009]). Hence, Braverman and his firm—the attorneys for the condominium, an unincorporated association—do not owe a fiduciary duty to plaintiff, a unit owner and member of the association.

While it was not improper for plaintiff to bring a Judiciary Law § 487 claim in this action even though it is based on alleged deceit in a prior action (*see Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]; *Specialized Indus. Servs. Corp. v Carter*, 68 AD3d 750, 752 [2d Dept 2009]), the motion court properly denied leave to add this claim—the seventh cause of action—due to a failure to allege "a chronic and extreme pattern of legal delinquency" (*Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1, 13 [1st Dept 2008] [internal quotation marks omitted], *lv denied* 12 NY3d 715 [2009]).

Since leave to amend was properly granted, at least in part, the motion court correctly declined to reach defendants' summary judgment motion, which addressed the prior complaint (*see Schoenborn v Kinderhill Corp.*, 98 AD2d 831, 832 [3d Dept 1983]; *see also Plaza PH2001 LLC v Plaza Residential Owner LP*, 98 AD3d 89, 99 [1st Dept 2012]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Friedman, Acosta, Saxe and Kapnick, JJ.