█ Brenda Pomerance, Respondent, v Brian Scott McGrath et al., Appellants. [38 NYS3d 164]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 3, 2015, which, to the extent appealed from as limited by the briefs, held in abeyance plaintiff's motion and defendants' cross motion for summary judgment on the sole remaining thirteenth and fifteenth causes of action, to the extent plaintiff seeks to inspect and receive from the board of managers of the subject condominium association paper and/or electronic copies of certain records of the association, pending the outcome of a hearing on whether plaintiff seeks such rec-

ords in good faith and for a proper purpose, and, in so doing, determined that plaintiff was entitled to inspect and receive paper and electronic copies of such records to the extent her demand for them was made in good faith and for a proper purpose, and denied defendants' cross motion seeking dismissal of the thirteenth cause of action insofar as it seeks copies of the association's records, dismissal of the fifteenth cause of action concerning an alleged noise nuisance and the alleged right to inspect minutes of the monthly board meetings, and dismissal of both remaining causes of action to the extent asserted against the defendant board members in their individual capacities, unanimously modified, on the law, to grant plaintiff's motion for summary judgment to the extent she seeks the right to create, at her own expense during any future inspection, paper and electronic copies of the records subject to inspection, to vacate the direction that defendants provide any such paper and electronic copies to plaintiff, and to grant defendants summary judgment dismissing both remaining causes of action insofar as asserted against the defendant board members in their individual capacities, and otherwise affirmed, without costs.

"Under New York law, shareholders have both statutory and common-law rights to inspect a corporation's books and records so long as the shareholders seek the inspection in good faith and for a valid purpose" (*Retirement Plan for Gen. Empls. of the City of N. Miami Beach v McGraw-Hill Cos., Inc.*, 120 AD3d 1052, 1055 [1st Dept 2014]). Statutory inspection rights complement, but do not eliminate, common-law inspection rights, which potentially encompass a far greater range of records. While inspection rights permit shareholders to examine records that are relevant and necessary for a valid purpose, they do not grant shareholders a right to be involved in day to day management. Whether a shareholder asserts statutory or common-law inspection rights, the shareholder may be required to demonstrate good faith and a valid purpose, and inspection may be limited to the scope of records relevant and necessary for such purpose (*see Matter of Crane Co. v Anaconda Co.*, 39 NY2d 14 [1976]; *Matter of Schulman v Dejonge & Co.*, 270 App Div 147, 149 [1st Dept 1945]; *Retirement Plan for Gen. Empls. of the City of N. Miami Beach v McGraw-Hill Cos., Inc.*, 120 AD3d 1052, 1055 [1st Dept 2014]).

Corporate shareholders' statutory inspection rights are governed by Business Corporation Law § 624, which grants shareholders, upon showing good faith and a valid purpose, the right to examine and make paper copies of a list of sharehold-

ers and records of shareholder meeting minutes, and requires a corporation to deliver an annual balance sheet to a shareholder, upon written request (Business Corporation Law § 624 [b], [c], [e]). Corporate shareholders seeking to inspect more extensive records may proceed under their common-law inspection rights, and courts may grant an in-person examination of the relevant records, or require the corporation to deliver records to the shareholder (*see Retirement Plan for Gen. Empls. of the City of N. Miami Beach,* 120 AD3d at 1055-1056; *Matter of Goldstein v Acropolis Gardens Realty Corp.,* 116 AD3d 776 [2d Dept 2014]; *Matter of Tatko v Tatko Bros. Slate Co.,* 173 AD2d 917, 919 [3d Dept 1991]).

Condominium unit owners' inspection rights are not governed by Business Corporation Law § 624, as condominium associations, unlike cooperative apartment corporations, are generally unincorporated. Rather, Real Property Law § 339-w governs the statutory inspection rights of condominium unit owners, and grants unit owners the right to examine "records . . . of the receipts and expenditures arising from the operation of the property," as well as "the vouchers authorizing [such] payments," during "convenient hours of weekdays." Real Property Law § 339-w further provides: "A written report summarizing such receipts and expenditures shall be rendered by the board of managers to all unit owners at least once annually."

In a prior appeal in this case, plaintiff sought to inspect a list of unit owners and their contact information to assist her in campaigning for upcoming condominium board elections. Although Real Property Law § 339-w, unlike Business Corporation Law § 624, does not grant unit owners a statutory right to examine a list of unit owners, we held that a condominium unit owner has the right to receive from the board a list of unit owners and their contact information (104 AD3d 440, 441-442 [1st Dept 2013]). In so holding, we observed that "the rationale that existed for a shareholder to examine a corporation's books and records at common law applies equally to a unit owner vis-à-vis a condominium" (*id.* at 441 [citation omitted]).

Plaintiff, based on her allegations that the board mismanaged the building, seeks a declaration that she is entitled to inspect all past, present, and future monthly financial reports, building invoices, redacted legal invoices, and board meeting minutes. While the parties agree that plaintiff has previously inspected records, they dispute the scope of plaintiff's inspection rights, and whether the board is obligated to deliver paper and electronic copies of records into plaintiff's possession. Consistent with our holding on the earlier appeal, we hold that

plaintiff has a right, whether statutory or under the common law, to examine monthly financial reports, building invoices, minutes of board meetings, and appropriately redacted legal invoices, so long as she seeks to do so in good faith and for a valid purpose. While the parties have informed us that plaintiff has already inspected the particular materials that were the subject of the order under review, in connection with future demands for inspection of similar materials, any issue defendants raise concerning the good faith and validity of the purpose of plaintiff's request shall be determined by the court after a hearing (see Matter of Crane Co. v Anaconda Co., 39 NY2d 14 [1976]; Matter of Schulman, 270 App Div at 149-150; Retirement Plan for Gen. Empls. of the City of N. Miami Beach, 120 AD3d at 1055; Matter of Liaros v Ted's Jumbo Red Hots, Inc., 96 AD3d 1464 [4th Dept 2012]).

The parties also dispute whether plaintiff is entitled to receive paper and electronic copies of records. As recognized by Business Corporation Law § 624, which explicitly grants the right to make paper copies while examining records, the right to examine would essentially be meaningless if the shareholder could not make copies to facilitate future recall of the examined records, and therefore the common-law right to inspect includes, as incident to the right to examine, the right to make paper copies during the inspection (see Henry v Babcock & Wilcox Co., 196 NY 302, 306 [1909]; Matter of Bondi v Business Educ. Forum, 52 AD2d 1046, 1047 [4th Dept 1976]; Matter of Raynor v Yardarm Club Hotel, 32 AD2d 788 [2d Dept 1969]; Matter of Becker v Lunn, 200 App Div 178, 180 [3d Dept 1922]).

Supreme Court, noting plaintiff's common-law right to make paper copies, and this Court's previous decision concerning plaintiff's demand for a list of unit owners, with contact information (104 AD3d 440), extended plaintiff's inspection rights to include the right to receive from defendants paper and, if the records are maintained in electronic form, electronic copies. Defendants argue on appeal that Supreme Court conflated plaintiff's right to examine records with a right to compel the board to deliver records into her possession. Defendants further assert that compelling the board to deliver paper and electronic copies to plaintiff will cause the board to lose complete control over confidential records. Defendants persuasively contend that monthly financial reports, and building or legal invoices, as opposed to a mere list of unit owners and their contact information, often contain confidential information, whose dissemination to the public at large could cause substantial harm.

Initially, we agree with defendants that Real Property Law § 339-w differentiates between a unit owner's right to examine records and a board's obligation to deliver records. Real Property Law § 339-w requires the board to deliver an annual report summarizing receipts and expenditures, while merely conferring on a unit owner the right to examine records and vouchers of receipts and expenditures during convenient hours of the weekday. While defendants thus have no obligation to create and deliver to plaintiff copies of the records in question (apart from the annual reports they are obligated to "render[ ]" to all unit owners pursuant to the statute), and they may require plaintiff to examine records in person at the management agent's office during convenient weekday hours, plaintiff has a well established right to make paper copies while examining. We see no reason to differentiate between allowing plaintiff, during her inspection, to make paper copies, on the one hand, and, on the other hand, allowing her to create electronic copies, as is now common.

While we appreciate defendants' confidentiality concerns, we believe that these are sufficiently accommodated by requiring plaintiff to sign a confidentiality agreement. Confidentiality agreements are a common business practice, and it is a minimal burden for a board to provide unit owners a confidentiality agreement to sign before allowing access to paper or electronic copies of confidential records. In this case, plaintiff has agreed to sign a confidentiality agreement.

In sum, although defendants are correct that the board does not have an obligation to mail or email to plaintiff copies of monthly financial reports, building invoices, redacted legal invoices, or board meeting minutes, plaintiff's right to examine these records at the managing agent's office, during convenient weekday hours, includes the right to create paper copies or electronic copies at her own expense during her inspection.

Supreme Court erred when it held that the thirteenth and fifteenth causes of action, concerning the board's alleged denial of plaintiff's inspection rights and its alleged failure to respond adequately to her noise complaints, stated legally sufficient causes of action against the board members in their individual capacities. While directors of a condominium board, acting in their capacity as board members, who cause the performance of an affirmative tortious act of malfeasance may be subject to personal liability, directors who are responsible for mere nonfeasance by the entity, without causing the commission of any affirmatively tortious acts, are not subject to personal liability for such nonfeasance (*see Pomerance v McGrath*, 124 AD3d 481, 482 [1st Dept 2015], *lv dismissed* 25 NY3d 1038

[2015] [analogizing violation of condominium bylaws to a breach of contract, which will not create personal liability]; *Peguero v 601 Realty Corp.*, 58 AD3d 556, 559 [1st Dept 2009] [tortious nonfeasance or a mere failure to act will not subject corporate officers to personal liability]). Here, plaintiff merely alleges that the board did not honor her inspection rights and failed to respond adequately to her complaints of noise emanating from an adjacent apartment. These allegations amount only to mere nonfeasance for which the board members cannot be held individually liable. Plaintiff's conclusory allegation that the board ignored her noise complaints to retaliate against her for other disputes does not suffice to transform the claim into one for affirmative tortious misconduct. We note, however, that the claims will proceed against the board members in their official capacities.

We do not regard our decision on the immediately preceding appeal in this case (124 AD3d 481) as law of the case holding that the defendant board members are subject to liability individually on plaintiff's sole remaining thirteenth and fifteenth causes of action, concerning her inspection rights and noise complaints. In affirming Supreme Court to the extent it permitted the filing of an amended complaint asserting these causes of action, we said only that these claims "are a permissible repleading of causes of action in the original complaint" (124 AD3d at 484), without addressing whether the claims properly lie against the board members in their individual capacities. In dismissing other causes of action at issue on that appeal, however, we expressly held (as previously noted) that violations of the bylaws do not subject board members to individual liability (*id.* at 482-483). Similarly, honoring plaintiff's inspection rights and enforcing bylaws against excessive noise are obligations of the condominium association itself, and of the board as a body. Mere failure of the board members to cause the association to discharge such obligations, while properly grounds for a claim against the board members in their official capacities, does not give rise to a cause of action against each of them in his or her individual capacity. Concur— Friedman, J.P., Andrias, Moskowitz, Kapnick and Webber, JJ.