Board of Mgrs. of the 120 E. 86th St. Condominium v Park Ave. Physicians Realty, LLC (2018 NY Slip Op 02543)





Board of Mgrs. of the 120 E. 86th St. Condominium v Park Ave. Physicians Realty, LLC


2018 NY Slip Op 02543


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Richter, J.P., Mazzarelli, Webber, Gesmer, JJ.


5616 162584/14

[*1]Board of Managers of the 120 East 86th Street Condominium, Plaintiff-Appellant,
v
Park Avenue Physicians Realty, LLC, Defendant-Respondent, Gateway 1 Group Inc., et al., Defendants, 120/86 Owners Corp., Additional Defendant-Appellant, "John Doe," etc., et al., Additional Defendants.


Braverman Greenspun, P.C., New York (Jon Kolbrener of counsel), for appellants.
Singer Netter Dowd & Berman PLLC, White Plains (Edward M. Berman of counsel), for respondent.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 3, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff board and additional defendant Owners' (together, appellants) motion for summary judgment dismissing defendant Park Avenue Physicians Realty's (Physicians) claims against them, unanimously modified, on the law, to grant the motion as to Physicians' first, second and fourth counterclaims, and otherwise affirmed, without costs.
Plaintiff Board of Managers of the 120 East 86th Street Condominium (Condominium) manages a "cond-op" that is comprised of three separate units: (1) a cooperative residential unit (the Coop) (2) a retail unit condominium on the first floor; and (3) a professional unit condominium on the second floor that is owned by Physicians. Physicians purchased the professional unit on July 23, 2003. On that date a deed to the unit was tendered to Physicians, "care of" its attorneys, Singer, Netter, Doud & Berman of Manhattan. Edward M. Berman, a member of that law firm, is the father of David Berman, M.D., who is a member of Physicians. The deed provided:
"Acceptance of this deed by [Physicians] shall constitute assumption of the provisions of the Declaration, By-Laws and Rules and Regulations of [Condominium] as the same may be amended from time to time."
Article 2 of the bylaws referenced in the deed addressed governance of the Condominium by a board. Section 2.7 provided, in pertinent part:
"From and after the first annual meeting of the Unit Owners, the Condominium Board shall consist of five individuals [FN1] to be elected [three] by the Residential [*2]Unit Owner [FN2], one by the Retail Unit Owner and one by the Professional Unit Owner pursuant to the terms of Section 4.9 hereof."
Despite this language reserving a seat for the owner of the professional unit, Physicians was never represented on the board.
In March 2013, the Condominium's management company sent a letter addressed to "Park Avenue Medical," the name Physicians did business as, informing it that the board had decided to go forward with work to modernize the building's elevator, as well as to address a problem with the building's façade that had resulted in a violation notice from the Buildings Department. The letter stated that the Condominium would be borrowing $360,000 for the project, and that the professional unit's share of the loan would be $97,746. In May 2013, the management company sent another letter to Physicians, informing it that, in addition to the elevator and façade work, the board had decided to paint the building's common areas, install a security camera system and upgrade the intercom system. In contrast to the March letter, which indicated that a loan to the Condominium would finance the work, the May letter stated that the Coop would be financing its share of the cost, and that the professional unit would be required to pay directly for its share, now represented to be $81,365, or secure its own financing in that amount. Eventually Physicians' share of the work was reduced to $70,688, of which it paid $24,000.
After Physicians failed to pay the balance, the Condominium filed a lien in the amount of $46,698.00 against the professional unit, and commenced this action to foreclose on the unit, and for breach of contract. Physicians interposed an answer containing four counterclaims. The first counterclaim sought a declaratory judgment that, because Physicians was never represented on the board, the existing board was a nullity and that a new board should be constituted, reflecting the provision in the bylaws reserving at least one seat for the owner of the professional unit. The second counterclaim alleged that the board, in violating the bylaws provisions concerning board composition, breached its fiduciary duty, such that any and all charges imposed on Physicians related to the 2013 building improvements lien should be reversed, the lien removed, and punitive damages assessed against the board in connection with actions that were done "willfully, intentionally and maliciously." The third counterclaim asserted that the board engaged in self-dealing by arranging for the Coop to finance its share of the improvements while requiring the professional and retail units to either pay directly or arrange their own financing. Finally, the fourth cause of action sought damages for the board's allegedly illegal behavior under the theory that it constituted a prima facie tort. The Condominium moved for summary judgment dismissing the counterclaims, and Physicians cross-moved for, inter alia, a declaration that the board was improperly constituted and so was unauthorized to assess Physicians or impose a lien on the professional unit. The court denied both motions, finding that there were issues of fact preventing resolution, and that the motions were premature because of outstanding discovery.
The Condominium argues on appeal that Physicians has no basis for protesting its lack of representation on the board because it neglected to assert its right to be represented over a period of over 10 years. Physicians counters by citing Board of Mgrs. of the 85 8th Ave. Condominium v Manhattan Realty LLC (102 AD3d 548 [1st Dept 2013]) (Manhattan Realty), which it claims is fully controlling. In that case, the plaintiff condominium's bylaws, similarly to those at bar, provided for a five-member board of managers, allocated between a cooperative residential unit, [*3]a garage unit and a commercial unit. The members of the board of the residential cooperative unit called a meeting at which they elected themselves as the condominium board. When that board then imposed charges on the garage unit and the commercial unit, the defendants in the case, they protested that the assessments were unauthorized because they were issued by an illegally constituted board. This Court held that there were issues of fact precluding resolution of whether the board was constituted in accordance with the bylaws (102 AD3d at 549-550).
The facts here differ from Manhattan Realty such that it does not, as Physicians urges, dictate the result. In that case, the defendants presented evidence that the board was purposefully constituted in a way to deprive them of the representation guaranteed them under the bylaws. Further, this Court noted that "at various points . . . defendants demanded that a condominium board be created pursuant to the bylaws, to no avail" (102 AD3d at 549). Here, Physicians presents no evidence that it was deliberately excluded from representation on the board. Moreover, there is no evidence that it ever invoked its right to be represented but was rebuffed. Indeed, Physicians asserts that it never knew of its right to have a seat on the board. However, this right was clearly stated in the bylaws that it, as grantee, expressly assumed to abide by upon acceptance of the deed. While it appears that Physicians' attorney, the father of one of its principals, took possession of the deed, he did so as Physicians' agent, such that knowledge of the bylaws' contents, including Physicians' right to representation on the board, is imputable to Physicians (see Kirschner v KPMG LLP, 15 NY3d 446, 466 [2010]).
Based on the foregoing, the first two counterclaims, which relate solely to the composition of the board, fail to state a cause of action. To the extent Physicians contends there is outstanding discovery that might shed further light on how and why the board was composed the way it was, they fail to offer a scintilla of evidence that the decision was made in bad faith, as opposed to as a result of Physicians' inaction. However, as to the third counterclaim, plaintiff has not satisfied its prima facie burden of showing that its decision, as alleged, to arrange for financing of the assessment for the residential cooperative, but not Physicians and the retail unit, advanced a legitimate interest of the Condominium (see Pomerance v McGrath, 124 AD3d 481, 483 [1st Dept 2015], lv dismissed 25 NY3d 1038 [2015]). Accordingly, summary judgment was appropriately denied on that counterclaim.
Finally, the condominium is entitled to dismissal of Physicians' fourth counterclaim, for prima facie tort. Although it alleges intentional and malicious action, Physicians does not allege, as required, that the Condominium's sole motivation was "disinterested malevolence" (see Posner v Lewis, 18 NY3d 566, 570 n 1 [2012] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK



Footnotes

Footnote 1: Section 4.1 of the bylaws conflicts with section 2.7 in that it mentions a nine-member Board, although it does not delineate how many seats each unit of the Condominium is allotted on such a board. Physicians posits that if the bylaws were somehow interpreted as establishing a nine-member board, it would have identical proportions to the five-member board referenced in section 2.7; i.e., 5 seats for the Coop, and two each for the professional and retail units.

Footnote 2: i.e., the Coop.