Matter of Healy v Carriage House Condominium (2018 NY Slip Op 07970)





Matter of Healy v Carriage House Condominium


2018 NY Slip Op 07970


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Sweeny, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


7687 160850/17

[*1]In re John A. Healy, et al., Petitioners-Appellants,
v
The Carriage House Condominium, et al., Respondents-Respondents.


Healy LLC, New York (Valeria Calafiore Healy of counsel), for appellants.
Braverman Greenspun P.C., New York (Maria Boboris of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 29, 2018, which granted the petition brought pursuant to CPLR article 78 to direct respondents to produce certain of the condominium's books and records, enjoin them from paying certain subpoena-related legal expenses, and direct them to recoup any such expenditures already made, only to the extent of directing respondents to produce documents described in items (a)-(f) of the petition, unanimously modified, on the law and the facts, to direct respondents to produce the documents sought in items (g), (h), (i), and (j), and otherwise affirmed, without costs.
As a threshold matter, petitioners' contention that the Board was not validly elected, and therefore had no jurisdiction to act on behalf of the Condominium, is unpreserved (see Recovery Consultants v Shih-Hsieh, 141 AD2d 272, 276 [1st Dept 1988]).
Respondents expressly do not object to producing the documents requested in items (h) and (i) in the petition. Thus, the disputed items are (g) and (j).
In item (j), petitioners seek "all correspondence with . . . NY Urban [or its principal] from 2011 to the present." This body of correspondence is relevant and necessary to petitioners' investigation into NY Urban's dealings with respondents, and therefore is a proper subject of the common-law right of inspection (see Pomerance v McGrath, 143 AD3d 443, 444 [1st Dept 2016]; Matter of Tatko v Tatko Bros. Slate Co., 173 AD2d 917, 919 [3d Dept 1991]).
In item (g), petitioners seek "[a]ll documents and records relating to the Condominium's settlement agreement with the Condominium sponsor." We agree with petitioners that understanding how the Condominium reached the settlement agreement is a valid purpose. Indeed, respondents concede that petitioners are entitled to receive a copy of the final settlement agreement itself. The documents specified in item (g) following the word "including" are also reasonably relevant and necessary to the stated purpose of exploring the settlement process. We reject respondents' conclusory assertion that some unknown number of documents are protected by the attorney-client privilege or work product doctrine.
In paying the subpoenaed parties' legal expenses, respondents were acting within the scope of their authority and in furtherance of the legitimate purpose of resisting litigation disclosure of Condominium documents, and there is no evidence that they were acting in bad faith (see 40 W. 67th St. v Pullman, 100 NY2d 147, 155 [2003]). The Condominium's bylaws empowered the Board to pay subpoena-related legal expenses on behalf of certain past and present Board members, and the Condominium was contractually obligated to pay such expenses for its managing agent. The fact that one of the past Board members may have been unqualified to serve (because he was not a unit owner) does not negate the Board's authority to pay his legal expenses, as there is no evidence that his service on the Board was the product of bad faith, [*2]rather than oversight. Petitioners' argument based on the conflict of interest inherent in the fact that the subpoenaed parties who were on the Board at the time voted to pay for their own legal fees is unpreserved.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK