Etkin v Sherwood 21 Assoc., LLC (2019 NY Slip Op 07153)





Etkin v Sherwood 21 Assoc., LLC


2019 NY Slip Op 07153


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9998 652122/17

[*1]William Etkin, Plaintiff-Appellant,
v
Sherwood 21 Associates, LLC, Defendant, The Board of Managers of the 500 West 21st Street Condominium, Defendant-Respondent.


Morrison Cohen LLP, New York (Terence K. McLaughlin of counsel), for appellant.
Law Offices of Leonard A. Sclafani, New York (Leonard A. Sclafani of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 25, 2018, which granted defendant Board of Managers of the 500 West 21st Street Condominium's motion to dismiss the complaint as against it, unanimously affirmed, without costs.
The motion court correctly dismissed the cause of action for breach of fiduciary duty against defendant board of managers arising from scratched windows in plaintiff's unit. Plaintiff alleges that the board failed to ensure the replacement of the windows by the sponsor and failed to provide notice of the defective windows to the condominium unit owners. However, under the condominium offering plan and purchase agreement, the condominium sponsor bears sole and complete responsibility for correcting defective windows, and plaintiff does not allege that the board of managers at any time undertook responsibility for the windows. Nor is there an allegation or any documentary evidence that the board had a duty to act in any prescribed manner in the circumstances (see Pomerance v McGrath, 124 AD3d 481, 483 [1st Dept 2015] ["how aggressive the board should be toward the Sponsor" is a matter of the board's business judgment], lv dismissed 25 NY3d 1038 [2015]).
Plaintiff is correct that the alteration and construction agreement between himself and the board only released the sponsor and the board from claims arising out of that agreement (see Gordon v Board of Mgrs. of the E. 12th St. Condominium, 102 AD3d 521, 521 [1st Dept 2013]). However, as indicated, the court correctly dismissed the complaint as against the board because plaintiff failed to allege facts that, on their face, stated a cause of action for breach of fiduciary duty.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK