Frankel v Board of Mgrs. of the Cent. Park W. Condominium (2019 NY Slip Op 08262)





Frankel v Board of Mgrs. of the Cent. Park W. Condominium


2019 NY Slip Op 08262


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10217 654501/17 392

[*1] Kevin Frankel, etc., Plaintiff-Respondent-Appellant,
v
Board of Managers of the Central Park West Condominium, et al., Defendants-Appellants-Respondents, John Does, et al., Defendants. The 392 Central Park West Condominium, Nominal Defendant-Appellant-Respondent.


Boyd Richards Parker & Colonnelli, P.L., New York (Matthew T. Clark of counsel), for appellants-respondents.
Kevin Frankel, Respondent-appellant pro se.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about July 27, 2018, which, to the extent appealed from as limited by the briefs, granted in part and denied in part defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court correctly declined to dismiss the cause of action seeking to inspect the condominium's books and records. Factual disputes regarding whether plaintiff is acting in good faith and has a proper purpose for reviewing the books and records, as well as the scope of documents already provided, whether in electronic form or otherwise, cannot be resolved on a motion to dismiss (see Pomerance v McGrath, 143 AD3d 443, 446 [1st Dept 2016], lv denied 32 NY3d 913 [2019]).
The court also correctly declined to dismiss the cause of action seeking a declaration that the results of the 2017 board of managers election are null and void, as the redacted documents, standing alone, do not conclusively resolve the cause of action (CPLR 3211[a][1]). Plaintiff's central contention is that the election procedures in the bylaws were not followed, no quorum was established, and the election results are not valid. Defendants, relying on 85 redacted ballot proxies, claim that they have presented documentary evidence conclusively establishing a defense to plaintiff's claims (see Carlson v American Intl. Group, Inc., 30 NY3d 288, 298 [2017]). The redacted ballots, however, do not qualify as "documentary" evidence that utterly refutes plaintiff's allegations (see Amsterdam Hospitality Group, LLC v Marshall-Allan Assoc., Inc., 120 AD3d 431, 435 [1st Dept 2014]). Not only have the names, signatures and apartment numbers on these ballots been redacted, making it impossible to determine whether the individuals who voted were qualified to do so, but also some ballots are blank, the date on one ballot is obliterated, and one ballot is post-dated. They do not, on their face, support defendants' claim that 139 proxies were submitted before the annual meeting, and 127 of the unit owners purportedly voted for all three candidates. The 85 redacted proxies also do not, on their face, support defendants' claim that 139 proxies counted for purposes of establishing a quorum. Nor do they, on their face, comport with how the bylaws require a quorum to be calculated. Significantly, the bylaws do not allocate votes per unit owned, but do so according to the percentage ownership of the common elements. They fail to conclusively prove defendants' claims that they relied upon a voice vote at the meeting, or disprove plaintiff's allegation that more than one person from the same household voted in the voice vote. The incomplete, [*2]redacted proxies are insufficient to warrant dismissal of the 2017 election claims at this time.
The causes of action for breach of fiduciary duty, however, were correctly dismissed, as the complaint fails to allege wrongdoing independent of the individual defendants' conduct as board members (see Avramides v Moussa, 158 AD3d 499 [1st Dept 2018]).
The cause of action for a declaration that the annual parking fees must be set by a vote of the unit owners was also correctly dismissed. The complaint alleges that the monthly parking fees for the 103 parking spaces at the condo are set at an impermissibly low rate, by the board members, all but one of whom has a parking spot. The claim is that the board members are self-dealing and conflicted because they benefit from keeping the fees artificially low, at the expense of more than 300 owners who do not have parking spots. Under the business judgment rule, a court's inquiry is "limited to whether the board acted within the scope of its authority under the bylaws . . . and whether the action was taken in good faith to further a legitimate interest of the condominium" (Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium, 65 AD3d 985, 989 [1st Dept 2009][internal quotation marks omitted]).
Article V, section 20 of the condominium's bylaws provides that the board shall have the right to rent the parking spaces and set the rent for them. In setting these fees, the board was acting in accordance with powers conferred upon it under the bylaws. The business judgment rule protects the board's setting of parking rates (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 536 [1990]). The fact that any individual board member has access to a parking spot, in the same way that any other building resident has or can seek the right to a parking spot, is not a financial interest that would support a claim of self-dealing. Plaintiff has otherwise failed to plead any facts countering the legitimacy of the board's exercise of authority, or supporting his claims of bad faith, fraud, self-dealing, unconscionability, or other misconduct that would trigger further judicial inquiry (see Skouras v Victoria Hall Condominium, 73 AD3d 902, 904 [2d Dept 2010], lv denied 18 NY3d 808 [2012]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK