LePremier Condominium v Fleischman (2025 NY Slip Op 51002(U))

[*1]

LePremier Condominium v Fleischman

2025 NY Slip Op 51002(U)

Decided on June 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570682/24

LePremier Condominium, Petitioner-Landlord-Respondent, 
against
Denise Fleischman, Respondent-Tenant-Appellant, and "John Doe" and "Jane Doe," Respondents-Undertenants.

Tenant appeals from 1) an order of the Civil Court of the City of New York, New York County (Frances A. Ortiz, J.), dated August 30, 2024, which denied her motion for summary judgment dismissing the petition, and 2) a final judgment (same court and Judge), entered December 4, 2024, after a nonjury trial, awarding landlord possession and a recovery of use and occupancy in the sum of $25,600 in a holdover summary proceeding.

Per Curiam.
Final judgment (Frances A. Ortiz, J.), entered December 4, 2024, reversed, with $30 costs, tenant's motion for summary judgment granted and petition dismissed without prejudice. Appeal from order (Francis A. Ortiz, J.), dated August 30, 2024, dismissed, without costs, as subsumed in the appeal from the final judgment.
Tenant's motion for summary judgment dismissing the holdover petition should have been granted. The summary judgment record established, without dispute, that petitioner "LePremier Condominium," like most condominiums, is an unincorporated association (see Board of Mgrs. of the 28 Cliff St. Condominium v Maguire, 191 AD3d 25, 28 [2020]; Pomerance v McGrath, 143 AD3d 443, 445 [2016], lv denied 32 NY3d 913 [2019]). Since an unincorporated association has no legal existence separate and apart from its individual members (see Pascual v Rustic Woods Homeowners Assn., Inc., 134 AD3d 1006 [2015]), the proceeding should have been brought by its treasurer or president, as required by statute, rather than in the name of the association itself (see General Associations Law § 12; CPLR 1025; Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 155 [1994]). While this defect was not jurisdictional and could have been corrected (see Matter of Stephentown Concerned Citizens v Herrick, 223 AD2d 862, 864, n 2 [1996], lv dismissed 96 NY2d 881 [2001]; Concerned Citizens of Albany-Shaker Rd. v State of New York, 140 AD2d 842, 843 [1988]), it was never corrected. Therefore, the petition must be dismissed without prejudice (see 2834-2838 Brighton 3rd St. [*2]Condominium v Bazinian, 66 Misc 3d 143[A], 2020 NY Slip Op 50180[U] [App Term, 2d, 11th & 13th Jud Dists 2020]).
In view of our disposition, we reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 23, 2025