In the Matter of the Arbitration between INTERNATIONAL UNION UNITED AUTO-MOBILE AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS, C.I.O., LOCAL No. 1171, Respondent, and AIRCOOLED MOTORS, INC., Appellant.— Resettled order reversed on the law and proceeding dismissed, without costs of this appeal to either party. Memorandum: The respondent, the International Union and its local union, are unincorporated associations. At common law, such an association could only maintain an action or proceeding in the names of all of its members. It is not a legal entity, separate and apart from the individual persons who compose it. (*Ostrom* v. *Greene,* 161 N. Y. 353.) By statute, an action or special proceeding may be maintained by or against an unincorporated association in the name of its president ·or treasurer. (See General Associations Law, §§ 12, 13.) The instant proceeding has not been instituted in accordance with common law or the statute, and the court, therefore, does not here have jurisdiction of the respondent. There is nothing in the record to indicate that this proceeding, which seeks to compel arbitration, was instituted by the president or treasurer of either the International Union or the local union. In our judgment, the resettled order should be reversed on the ground that Special Term lacked jurisdiction of the proceeding. All concur. (Appeal from a resettled order directing Aircooled Motors, Inc., to proceed to the arbitration of certain disputes.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ.

SAMUEL G. NICHOLAS, Respondent, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant, et al., Defendants. NEW YORK STATE ELECTRIC & GAS CORPORATION, Third-Party Plaintiff-Appellant, v. MICHAEL MATHEWS et al., Individually and as Copartners Formerly Doing Business under the Name of MATHEWS & KANELOS Co., Third-Party Defendants-Respondents.— Motion to resettle the order entered February 5, 1954, as amended by order entered April 28, 1954, denied upon the ground that it is apparent upon the face of the amended order that the affirmance of the dismissal of the third-party complaint was by a unanimous court. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 283 App. Div. 291, 915; *post,* p. 860.]