■ GERALD A. GIANUNZIO et al., Respondents, v JOHN KELLY, Individually and Doing Business as MON AMOUR LODGE AND MOTEL, Appellant. — Appeal from an order of the County Court of Essex County (Garvey, J.), entered September 25, 1981, which denied defendant's motion to dismiss the complaint on the ground that plaintiffs lack legal capacity to sue. Plaintiff Gerald A. Gianunzio is treasurer of plaintiff St. Clair Shores Bantam Travel Team, an

unincorporated association duly organized and existing in the State of Michigan. The instant action was commenced against defendant for breach of contract, fraud, and violation of section 206-b of the General Business Law in the furnishing of accommodations to plaintiffs in March, 1980. Defendant moved to dismiss the complaint on the ground that plaintiff St. Clair Shores Bantam Travel Team lacks legal capacity to sue "because they are not a corporation or natural person and there is no allegation of the identity of the St. Clair Shores Bantam Travel Team". Special Term denied this motion and the instant appeal ensued. In the complaint, plaintiff Gerald A. Gianunzio fails to allege that he is treasurer of plaintiff St. Clair Shores Bantam Travel Team. The complaint also fails to allege that plaintiff St. Clair Shores Bantam Travel Team is an unincorporated association. As a result of plaintiffs' failure to include those allegations in their complaint, defendant contends that plaintiffs lack legal capacity to maintain this action. This contention must be rejected. The treasurer of an unincorporated association may bring an action on behalf of such association (see CPLR 1025; General Associations Law, § 12). Here, plaintiff Gianunzio has alleged, in his affidavit in opposition to defendant's motion to dismiss, that he is treasurer of plaintiff St. Clair Shores Bantam Travel Team, an unincorporated association. Assuming, *arguendo,* that plaintiffs were required to plead their legal status as treasurer and unincorporated association, defendant has failed to establish that he has been prejudiced by plaintiffs' omission. In the absence of such prejudice, the court may disregard any irregularity in this pleading (CPLR 2001; Siegel, New York Practice, § 6, pp 6-7; see, also, *Miller v Student Assn. of State Univ. of N. Y. at Albany,* 75 AD2d 843). Accordingly, defendant's motion to dismiss was properly denied. Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.