■ CONCERNED CITIZENS OF ALBANY-SHAKER ROAD et al., Respondents, v STATE OF NEW YORK et al., Defendants, and TOWN OF COLONIE, Appellant.—Yesawich, Jr., J.

Plaintiff Concerned Citizens of Albany-Shaker Road, an unincorporated association comprised of residents of Albany-Shaker Road in the Town of Colonie, Albany County, and "its individual members" (only a few of whom are identifiable from the pleadings) commenced the instant action to determine the ownership of an eight-foot wide strip of land, fronting on Albany-Shaker Road, over which defendant County of Albany "might" claim a right-of-way. Following service of a summons with notice upon it, defendant Town of Colonie promptly filed a notice of appearance and a demand for a complaint dated January 22, 1986. Over a year later, on February 3, 1987, the complaint was finally served, whereupon the town moved to have it dismissed because of, among other reasons, the inordinate delay in serving the complaint and the failure to state a claim. Supreme Court denied the motion, concluding that although the complaint was tardy, the town was not prejudiced by the delay. The town appeals; we reverse.

To withstand a motion to dismiss for failure to serve a

complaint within the time prescribed, a plaintiff must establish a reasonable excuse for the delay and demonstrate that the underlying claim has merit *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905; *Benson v Rana Mgt.,* 131 AD2d 798). Neither requirement has been satisfied here. In his affirmation in opposition to the town's motion to dismiss, plaintiffs' counsel offered no excuse, merely stating that he "must take full responsibility for the tardy service". Counsel's admission that he is accountable for the delay, without more, is no substitute for a reasonable excuse, the absence of which requires dismissal of the complaint against the town *(see, e.g., Wurzburger v Smith Fuel Co.,* 101 AD2d 620).

Nor have plaintiffs offered an affidavit from anyone with personal knowledge of the facts showing that the complaint, insofar as it is directed at the town, has merit *(see, Kaveny v Fine,* 122 AD2d 304). Appropriate parties to an RPAPL article 15 action are those claiming an interest in the disputed property (RPAPL 1501, 1511). Here, the only defendant asserting any adverse interest in the disputed parcels is the county. The town is included in the action only because of the alternate relief sought by plaintiffs, a refund of property and school taxes allegedly wrongfully collected and assessed on the subject property since 1823. But because "the exclusive avenue for judicial review of real property tax assessments" is a proceeding pursuant to RPTL article 7 *(Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment,* 73 AD2d 31, 35, *affd* 53 NY2d 975) and the procedural requirements of RPTL article 7 have not been met *(see,* RPTL 700, 702, 704, 706), clearly plaintiffs have not stated a cause of action against the town.

The complaint is also deficient in that it fails to substantially comply with RPAPL 1515. The random sampling of deeds and drawings from six lots, attached to the complaint, does not satisfy the requirement that the complaint describe with some particularity the land at issue *(see,* RPAPL 1515 [1] [a]; [2]).

Furthermore, as the town observes, the complaint does not comport with General Associations Law § 12 *(see also,* CPLR 1025) in that the action has not been brought either by the president or treasurer of the unincorporated association, or in the names of all its individual members *(see, Matter of International Union United Auto. Aircraft & Agric. Implement Workers,* 284 App Div 835); however, that deficiency appears correctible *(see, Gianunzio v Kelly,* 90 AD2d 623, 624).

Order reversed, on the law, with costs, motion granted and

complaint dismissed against defendant Town of Colonie. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.