*940 OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiff for an order enjoining defendant pending a decision in arbitration from using the plaintiff’s trade secrets, and confidential member and shop steward’s lists, including names and addresses, to solicit plaintiff’s members for a competitor union is granted. Cross motion to dismiss based upon plaintiff’s lack of capacity to sue and for a stay of arbitration is denied.
Defendant Steve Maritas is a former employee of the plaintiff union, an unincorporated association. His responsibilities included organizing and recruiting new members. The employment agreement contained a restrictive covenant which prohibited defendant from working for a competitor of plaintiff after defendant’s employment terminated, and also contained a covenant to arbitrate all disputes arising under the agreement.
On this application, plaintiff seeks to preliminarily enjoin defendant from soliciting its members pending arbitration of plaintiff’s claim that defendant is violating the restrictive covenant.
It has been held repeatedly that, in the absence of unique abilities or talent, an agreement which prevents a former employee from earning a living with the employment experience and skills he has accrued is disfavored by public policy and will be enforced in the courts only to the extent that use of the employer’s confidential customer lists or trade secrets will be enjoined. (Family Affair Haircutters v Detling, 110 AD2d 745.) An injunction will only be granted if the facts are undisputed (see, Walter Karl, Inc. v Wood, 137 AD2d 22, 26). Defendant does not address plaintiff’s allegations on the merits. He does not deny the agreement, the union’s right to arbitration, or his use of confidential member and shop steward lists and collective bargaining agreement. Accordingly, these facts are uncontroverted, and plaintiff is entitled to a preliminary injunction preventing defendant or anyone with whom he is now associated or employed from using plaintiff’s member lists and contracts. It must be noted that defendant is not enjoined from all solicitation, but only that which uses plaintiff’s member and steward lists. Defendant may continue parking lot recruitment which does not involve the identity of *941 plaintiffs members. Plaintiff cannot claim confidentiality with regard to nursing home facilities, as those entities are readily identifiable from public sources. Thus, defendant may target a particular health facility and recruit anonymous employees, as opposed to specific recruitment addressed to plaintiffs members by name. Such solicitation does not involve confidential information or trade secrets and will not be enjoined. However, defendant shall not use the content of the collective bargaining agreements between plaintiff and the health care facilities. Such information is not publicly accessible, and thus, plaintiffs uncontroverted claim that it constitutes a trade secret is accepted. In addition, defendant shall not use, in any manner whatsoever, the existence of this order or its prohibitions as a recruitment tool.
Defendant’s cross motion to dismiss on the ground that this action was improperly commenced by Jay Mark Sackman as "executive vice president” of the plaintiff union is denied, as defendant is not prejudiced by the pleading error. Defendant avers that the action is jurisdictionally defective because this action can be commenced only by the president or treasurer of the plaintiff unincorporated association. Defendant misses the point of CPLR 1025 and General Associations Law § 12. Those statutes are procedural only and do not affect substance. This action is brought by the plaintiff, 1115 District Council, an unincorporated association, not Jay Mark Sack-man. As a pleading and procedural aid, the action may be brought in the name of the president or treasurer rather than naming all the members of the association. Thus, the use of the wrong officer in the title is a pleading error which does not affect jurisdiction and is "correctable” (see, Concerned Citizens of Albany-Shaker Rd. v State of New York, 140 AD2d 842). A proper affidavit of the treasurer of the plaintiff is properly submitted noting the error and seeking amendment. In the interests of judicial economy, and, as technical irregularities may be corrected by the court (CPLR 2001), the title is amended to reflect the proper officer, to wit, Nathaniel Hall, as treasurer of 1115 Council, H.E.R.E., A.F.L.-C.I.O.
So much of defendant’s application which cross-moves for a stay of arbitration is denied, as it fails to raise any threshold issue to which this court may address itself under CPLR article 75 (see, Matter of Resnick v Serlin, 199 AD2d 825).