■ In the Matter of STEPHENTOWN CONCERNED CITIZENS et al., Respondents, v DEAN HERRICK, as Code Enforcement Of-

ficer of the Town of Stephentown, et al., Respondents, and V. JAMES BOYLE, JR. et al., Appellants. [636 NYS2d 470] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered June 9, 1995 in Rensselaer County, which partially granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action pursuant to ECL 71-1311 (2) and for declaratory judgment, to, *inter alia*, enjoin respondents V. James Boyle, Jr. and Troy Sand & Gravel Company, Inc. from continuing their gravel mining business.

Respondent V. James Boyle, Jr. is the owner of a gravel pit in the Town of Stephentown, Rensselaer County, which he leases to respondent Troy Sand & Gravel Company, Inc. (hereinafter Troy Sand). The pit is subject to the regulatory authority of respondent Department of Environmental Conservation (hereinafter DEC) and was being operated under a permit issued by DEC in May 1990 to expire on May 23, 1993. Prior to the expiration date, DEC notified Troy Sand in March 1993 of the impending expiration and that an application for renewal should be submitted 30 days prior to expiration (*see*, 6 NYCRR 621.13 [a]). No renewal application was filed with DEC prior to the permit's expiration. By letter dated May 25, 1993, DEC notified Troy Sand that the permit had expired and that Troy Sand was "allowed to continue operating [the] mine only if [DEC] ha[d] received a timely and complete renewal application". Although Troy Sand submitted a renewal and modification application on June 17, 1993, DEC informed Troy Sand by two notices dated June 21, 1993 and September 9, 1993 that it was incomplete. DEC also sent Troy Sand a memorandum, apparently dated October 27, 1993, stating that "[t]here can be no misunderstanding * * * there is no valid permit for the * * * mine". Nevertheless, in November 1993, DEC informed Troy Sand that it could continue mining within the areas authorized under the May 1990 permit.

In August 1994, some of the individual petitioners, who own property either adjacent to or near the gravel pit, wrote to DEC and the Attorney-General pursuant to ECL 71-1311 (2) requesting that DEC enjoin the mining operation. In response, DEC contended that Troy Sand's renewal application was timely and it could therefore continue mining operations. As a result, in September 1994 petitioners commenced this combined action and proceeding. Petitioners requested a declaration that the mining operation was illegal and violated certain Town

zoning provisions, and sought to enjoin its operation. Supreme Court partially granted the petition.[1] The court determined that DEC had improperly authorized Troy Sand to continue mining and ordered Troy Sand to cease its operations until DEC issued a valid permit. This appeal by Boyle and Troy Sand (hereinafter collectively referred to as respondents) followed.[2]

Respondents argue that the matter is time barred. We disagree. In part, petitioners commenced this action/proceeding pursuant to ECL 71-1311 (2). Under that statute, a person who is being adversely affected by an alleged violation of ECL article 23 (which governs, *inter alia*, mining operations), may request, in writing, DEC to bring suit to enjoin the alleged violation. If "within ten days after receipt of [the] written request" DEC fails to act, "the person making such request may bring suit in his own behalf" (ECL 71-1311 [2]). Here, a formal demand pursuant to ECL 71-1311 (2) was made on or about August 3, 1994. When DEC responded, by letter dated August 23, 1994, that it would not take any action, petitioners commenced this action/proceeding on September 2, 1994. In our view, to the extent that the matter was brought pursuant to ECL 71-1311 (2), it is timely.

Respondents contend that the decision by DEC allowing them to continue the mining operation was a "determination". Furthermore, respondents argue that petitioners were informed of this "determination" by letters dated October 25, 1993 and February 7, 1994, thus making the matter untimely as it was not commenced within four months of the date of those letters (*see*, CPLR 217). We do not agree that the continued operation of the mining operation allowed by DEC was a "determination". DEC had not issued a renewed or modified permit pursuant to the June 17, 1993 application which

1. Supreme Court did not reach any of the issues regarding the alleged zoning violations and dismissed the action/proceeding against the Town respondents. Petitioners do not contest the dismissal.

2. Respondents contend that Supreme Court should have found that petitioner Stephentown Concerned Citizens lacked standing to commence the action/proceeding. This petitioner is an unincorporated association which may only sue through its president or treasurer (*see*, General Associations Law § 12; CPLR 1025). Here, it sued in its association name alone. Such a defect is, however, not jurisdictional (*see*, *Sackman v Maritas*, 156 Misc 2d 939) and, given that respondents have failed to show any prejudice, the court may disregard any irregularity in the pleading (*see*, *Gianunzio v Kelly*, 90 AD2d 623; *see also*, *Concerned Citizens v State of New York*, 140 AD2d 842). In any event, we note that the remaining individual petitioners clearly have standing.

petitioners could challenge pursuant to CPLR article 78 (*cf.*, *Matter of Steck v Jorling*, 182 AD2d 937, *appeal dismissed* 80 NY2d 893). The only action which could be considered a "determination" is DEC's refusal to bring suit. The refusal was dated August 23, 1994 and the matter was commenced September 2, 1994. Even accepting that the four-month time period is applicable, it was satisfied. We have examined respondents' contention of laches and find that argument equally unavailing.

Turning to the merits, we agree with Supreme Court that Troy Sand failed to submit a timely and sufficient renewal application so as to permit continued mining operations. Under State Administrative Procedure Act § 401 (2), a licensee's existing license does not expire as long as the licensee "has made timely and sufficient application" for renewal. DEC's regulations track the statute (*see*, 6 NYCRR 621.13 [i]) and specifically provide that applications to renew permits must be submitted no less than 30 days prior to the expiration of the existing permit (6 NYCRR 621.13 [a]). The regulations also state that "[t]hese deadlines apply unless otherwise stated as a special condition of the permit" (6 NYCRR 621.13 [a]). It is true that DEC may treat a renewal or modification request as a new application where the application is not timely or sufficient (6 NYCRR 621.13 [e] [4]) or even as a renewal request (*see*, *Matter of Scenic Hudson v Jorling*, 183 AD2d 258, 262). However, there is no authority for the proposition that an applicant making such an untimely request may continue its operations in the interim. Neither State Administrative Procedure Act § 401 (2) nor DEC's own regulations support such a proposition.

In addition, DEC's initial actions in this case do not support such a claim. As noted, after the permit expired, DEC, by letter dated May 25, 1993, informed Troy Sand that it could continue its mining operations only if DEC received a timely and complete renewal application. Then, upon receipt of the June 17, 1993 application, DEC, in its October 27, 1993 memorandum, informed Troy Sand that the application was neither "timely or complete". Further, in a letter to the Town dated April 13, 1994, DEC stated that it considered *both* the renewal and modification request insufficient for review. DEC's later change in position was also in contravention of its own stated policy. In a memorandum dated September 23, 1987, DEC set forth its general rules for renewal permits. It states that where the "prior permit has expired before the renewal application is received, the licensed activity will not be provided an exten-

sion under [State Administrative Procedure Act] § 401 and cannot legally operate without a permit". Therefore, insofar as the June 17, 1993 application was neither timely nor sufficient, the prior permit to operate was not extended pursuant to State Administrative Procedure Act § 401 (2) and Supreme Court properly enjoined Troy Sand from mining the gravel pit until a valid permit is issued by DEC.

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.