■ MERKOS L'INYONEI CHINUCH, INC., et al., Respondents, v MENDEL SHARF et al., Defendants, and CONGREGATION LUBAVITCH, INC., Appellant. [873 NYS2d 145]—

In an action, inter alia, to recover possession of real property, the defendant Congregation Lubavitch, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme

Court, Kings County (Harkavy, J.), dated September 6, 2007, as denied, in part, its motion to compel discovery, and granted, in part, the plaintiffs' motion for a protective order, (2) from an order of the same court dated November 14, 2007, which denied its motion to strike the note of issue, and (3) from a judgment of the same court dated December 27, 2007, which, after a nonjury trial, inter alia, is in favor of the plaintiffs and against it, ejecting it from properties located at 770 Eastern Parkway, Brooklyn, and 784-788 Eastern Parkway, Brooklyn.

Ordered that the order dated September 6, 2007 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated November 14, 2007 is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting from the third, fifth, and sixth decretal paragraphs thereof the words "which is that congregation presently occupying a portion of 770 and 784-788 Eastern Parkway, Brooklyn, New York, purporting to be Congregation Lubavitch, whose trustees (gabboim) included, as of June 13, 1996, Zalman Lipskier, Yehuda Blesofsky, Menachem Gerlitsky, and Yosef Losh;" as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff Agudas Chassidei Chabad (hereinafter Agudas), a religious corporation, and the plaintiff Merkos L'Inyonei Chinuch, Inc. (hereinafter Merkos), a not-for-profit corporation, hold separate title to adjoining real properties in Brooklyn, located at 770 Eastern Parkway and 784-788 Eastern Parkway, respectively. Since 1940, 770 Eastern Parkway has served as the headquarters for the movement of Lubavitch Chasidism, a branch of the greater Chasidic movement of Orthodox Judaism. Both properties house the central Lubavitch Synagogue, which, historically, has been occupied by the religious congregation and managed by a group of individuals known as "the Gabboim," who were initially appointed by the Grand Rebbe of the congregation and have since been elected by the congregation itself. In June 1996 the defendant Congregation Lubavitch, Inc. (hereinafter CLI), was incorporated under the Not-for-Profit Corporation Law by the Gabboim then managing the Synagogue, who were listed on CLI's certificate of incorporation as the corporation's "directors."

After ruling on various discovery motions and disposing of various other claims asserted by the plaintiffs, the Supreme Court held a nonjury trial with respect to the plaintiffs' claim against CLI to recover possession of the real property. The

Supreme Court entered a judgment requiring CLI, as well as the Gabboim and the congregation, to deliver possession to the plaintiffs.

The Supreme Court providently exercised its discretion in granting, in part, the plaintiffs' motion for a protective order and denying, in part, CLI's motion to compel discovery. Although CPLR 3101 (a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action," a party does not have the right to "uncontrolled and unfettered disclosure" (*Gilman & Ciocia, Inc. v Walsh,* 45 AD3d 531, 531 [2007]). "[T]he supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court," which has "broad power to regulate discovery to prevent abuse" (*Gilman & Ciocia, Inc. v Walsh,* 45 AD3d at 531 [internal quotation marks omitted]).

Here, the Supreme Court heard oral argument and individually addressed each of CLI's 27 discovery demands, concluding that CLI's demands, many of which pertained to the corporate structure of the plaintiff corporations, and some of which sought information about its own corporate dealings, "were palpably improper in that they sought, inter alia, irrelevant . . . information, or were overbroad and burdensome" (*Gilman & Ciocia, Inc. v Walsh,* 45 AD3d at 531; *see Mattocks v White Motor Corp.,* 258 AD2d 628, 629 [1999]). The Supreme Court's provident exercise of discretion in declining to compel the requested discovery and in granting to the plaintiffs a protective order as to those requests, will not be disturbed on appeal (*see Gilman & Ciocia, Inc. v Walsh,* 45 AD3d at 531).

"In order to maintain a cause of action to recover possession of real property, [a] plaintiff must (1) be the owner of an estate in fee, for life, or for a term of years, in tangible real property, (2) with a present or immediate right to possession thereof, (3) from which, or of which, he has been unlawfully ousted or disseised by the defendant or his predecessors, and of which the defendant is in present possession" (*Jannace v Nelson, L.P.,* 256 AD2d 385, 385-386 [1998]). Here, there is no dispute that the plaintiffs are the owners in fee of the real property at issue. CLI has stipulated that it does not have any right to occupy the premises based upon a lease or a license and the evidence was sufficient to establish CLI's occupancy of the premises to the exclusion of the plaintiffs, thereby satisfying the third element of their claim to recover possession of the property as against CLI. Accordingly, the Supreme Court correctly awarded judgment in favor of the plaintiffs and against CLI.

We note, however, that the judgment must be modified to

delete reference to the congregation and the Gabboim, since neither is a party to this action. Spolzino, J.P., Ritter, Miller and Carni, JJ., concur.