■ CHARLES JONES, Appellant, v THE RIESE ORGANIZATION, Doing Business as RIESE RESTAURANTS, et al., Respondents. [941 NYS2d 117]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered September 16, 2010, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint, and denied plaintiff's motion for a preliminary injunction and a temporary restraining order, unanimously affirmed, without costs.

Plaintiff's current claim that ongoing emissions from a vertical exhaust flue outside his eighth-story window aggravated his preexisting respiratory condition is time-barred (*see* CPLR 214 [5]; 214-c [2]). Plaintiff contends that he first learned of the latent effects of exposure to the flue emissions in 2008. However, he alleged a health hazard related to this flue, which has oper-

ated continuously since 1990, in an action brought against these defendants and others in 2003. The current claim is also barred by the doctrine of res judicata, since all claims asserted against defendant Riese Organization in the 2003 action were dismissed on statute of limitations grounds in a December 2005 order that, contrary to plaintiff's contention, finally disposed of these claims (*see Burke v Crosson*, 85 NY2d 10, 15 [1995]; *Smith v Russell Sage Coll.*, 54 NY2d 185, 194 [1981]), and the claim could have been, although it was not, raised against the remaining defendants in the 2003 action (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]).

Plaintiff's claims against the condominium boards for breach of fiduciary duty and negligence are time-barred since the allegations in the complaint establish that they accrued no later than 1990 (*see* CPLR 214 [4], [5]; *Yatter v Morris Agency*, 256 AD2d 260, 261 [1998]). The claims of breach of fiduciary duty are also barred by the doctrine of res judicata, since they arise from the transactions underlying the 2003 complaint and were dismissed, with prejudice, pursuant to so-ordered stipulations that settled and discontinued that action and a 2005 action (*see e.g. Fifty CPW Tenants Corp. v Epstein*, 16 AD3d 292, 294 [2005]; *Matter of Hofmann*, 287 AD2d 119, 123 [2001]).

Similarly, the cause of action for an injunction against ongoing emissions from the flue is barred by the doctrine of res judicata. In any event, plaintiff has not established a likelihood of success on the merits, irreparable harm, or that a balance of the equities tips in his favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]). The flue was formally authorized by the condominium boards and had operated uninterrupted for 20 years, and there is no evidence that any other unit owners had complained about it. In addition, there is no medical evidence in the record on this appeal or in the records of the prior actions that supports plaintiff's contention that his respiratory condition is attributable to the flue emissions. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 32545(U).]**