Westport Condominium Association, Respondent,
against
Valentin Mayzel, Appellant.




Valentin Mayzel, appellant pro se.
Westport Condominium Association, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Richard Montelione, J.), entered May 9, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,344.99 and dismissed defendant's counterclaim.




ORDERED that the judgment is modified by vacating the award in favor of plaintiff and providing that plaintiff's cause of action is dismissed without prejudice, and by further providing that the dismissal of defendant's counterclaim is without prejudice; as so modified, the judgment is affirmed, without costs.
In this commercial claims action, plaintiff condominium association seeks to recover unpaid common charges and related fees from defendant. Defendant counterclaimed to recover the sum of $2,426.37, alleging, in effect, that plaintiff's officers had misused funds they controlled. At a nonjury trial, plaintiff appeared pro se by its witness, Mr. Paskar. Mr. Paskar's request that the amount sought to be recovered by plaintiff be increased from $1,359.51 to $4,069.99 was granted. Following the trial, the Civil Court awarded plaintiff the principal sum of $3,344.99 and dismissed the counterclaim.
Inasmuch as this action was commenced in the name of an association, it should have been brought by its treasurer or president, rather than in the name of the association itself (see General Associations Law § 12; CPLR 1025), which entity has no legal existence separate and apart from its individual members (see Pascual v Rustic Woods Homeowners Assn., Inc., 134 [*2]AD3d 1006 [2015]). While this error was correctable and not jurisdictional (see Matter of Stephentown Concerned Citizens v Herrick, 223 AD2d 862, 864, n 2 [1996]; Concerned Citizens of Albany-Shaker Rd. v State of New York, 140 AD2d 842, 843 [1988]), it was not corrected. Moreover, the record fails to establish the basis for Mr. Paskar's authority to appear on behalf of plaintiff. 
We note that, although defendant's counterclaim, which asserts the misuse of plaintiff condominium association's funds by its board of directors, was in the nature of a derivative action, defendant failed to bring his counterclaim as a derivative action (see Di Fabio v Omnipoint Communications, Inc., 66 AD3d 635, 637 [2009]; see also Caprer v Nussbaum, 36 AD3d 176, 184-186 [2006]).
Upon the totality of the circumstances presented, we find that the judgment failed to render substantial justice between the parties (see CCA 1804-A, 1807-A). In view of the foregoing, and given the current posture of this case, both plaintiff's cause of action and defendant's counterclaim must be dismissed without prejudice. 
We reach no other issue.
Accordingly, the judgment is modified by vacating the award in favor of plaintiff and providing that plaintiff's cause of action is dismissed without prejudice, and by further providing that the dismissal of defendant's counterclaim is without prejudice.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 11, 2019