Monterosso v Garguilo (2020 NY Slip Op 01488)





Monterosso v Garguilo


2020 NY Slip Op 01488


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2017-02862
 (Index No. 150750/16)

[*1]Steven Monterosso, et al., appellants, 
v
Elaine Garguilo, et al., respondents.


Law Office of Nicholas M. Moccia, P.C., Staten Island, NY, for appellants.
Law Offices of Howard M. File P.C., Staten Island, NY (Andrew A. Rafter of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for declaratory relief and to impose a constructive trust upon certain real property, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated March 7, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to impose a constructive trust upon certain real property to which they lost title in a previous foreclosure action, and for a judgment declaring that the referee's deed transferring title to the property to the defendants was void as the product of a usurious loan transaction. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, and the Supreme Court granted the motion. The plaintiffs appeal.
"Generally, a constructive trust may be imposed [w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest'" (Ning Xiang Liu v Al Ming Chen, 133 AD3d 644, 644, quoting Sharp v Kosmalski, 40 NY2d 119, 121). " The elements of a cause of action to impose a constructive trust are (1) the existence of a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment'" (Mazzei v Kyriacou, 139 AD3d 823, 824, quoting Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691). However, these elements "serve only as a guideline," and "a constructive trust may still be imposed even if all of the elements are not established" (Rowe v Kingston, 94 AD3d 852, 853; see Simonds v Simonds, 45 NY2d 233, 241). "Thus, a constructive trust may be imposed wherever the required elements are substantially present'" (Seidenfeld v Zaltz, 162 AD3d 929, 935, quoting Marini v Lombardo, 39 AD3d 824, 825).
Here, the allegations of the complaint failed to set forth the requisite confidential or fiduciary relationship, or that any transfer of the subject property was made in reliance upon an express or implied promise. Accordingly, we agree with the Supreme Court's determination granting dismissal of the constructive trust cause of action, as the elements of a constructive trust are not substantially present in the allegations of the complaint (see Seidenfeld v Zaltz, 162 AD3d at 935; Ewart v Ewart, 78 AD3d 992, 993; Prado v De Latorre, 194 AD2d 656, 657).
Moreover, whether the statute of limitations applicable to the cause of action for a judgment declaring that the referee's deed and the underlying loan were void as part of a usurious loan transaction is the six-year catch-all period provided in CPLR 213(1) (see Walter v Starbird-Veltidi, 78 AD3d 820, 821), or the one-year period set forth in CPLR 215(6) (see Glassman v Zoref, 291 AD2d 430, 431; Mill St. Realty v Reineke, 159 AD2d 494), we agree with the Supreme Court that it was time-barred.
In light of the foregoing, we do not reach the plaintiffs' remaining contentions.
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court