Yau v Yau (2021 NY Slip Op 51029(U))

[*1]

Yau v Yau

2021 NY Slip Op 51029(U) [73 Misc 3d 134(A)]

Decided on October 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-38 K C

Leo Yau, Respondent,
against
Lucy Yau, Appellant. 

Wenig Saltiel, LLP (Dan M. Blumenthal of counsel), for appellant.
Donald Eng, for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Cheryl J.
Gonzales, J.), dated October 31, 2019, deemed from a final judgment of that court entered
November 4, 2019 (see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury
trial, awarded landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs. 
In this holdover proceeding to recover possession of a condominium apartment and rent
arrears, tenant interposed an affirmative defense that she "h[eld] a constructive trust on the
subject premises." 
At a nonjury trial, there was evidence presented that the parties are siblings; that landlord, the
owner of the apartment, allowed tenant to reside in the apartment; that tenant made payments for
her occupancy that "covered" landlord's costs, including his mortgage and monthly maintenance;
that landlord reserved one of the two bedrooms in the apartment for his own occasional use; and
that tenant had made occasional payments directly to the condominium board for maintenance
and repairs to the apartment. Following the trial, insofar as is relevant to this appeal, by decision
dated October 31, 2019, the Civil Court awarded landlord possession. Tenant's appeal from the
decision is deemed from the final judgment entered upon the decision on November 4, 2019
(see CPLR 5512 [a]).
A claim of a constructive trust can be asserted as an affirmative equitable defense to a [*2]summary proceeding (see Fizzinoglia v Capozzoli, 58 Misc
3d 149[A], 2018 NY Slip Op 50081[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018];
Freire v Fajardo, 28 Misc 3d
137[A], 2010 NY Slip Op 51453[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2010]). "A constructive trust is the formula through which the conscience of equity finds
expression. When property has been acquired in such circumstances that the holder of the legal
title may not in good conscience retain the beneficial interest, equity converts him or her into a
trustee" (Bekas v Valiotis, 191
AD3d 937, 938 [2021] [internal quotation marks and brackets omitted]; see Kaprov v Stalinsky, 145 AD3d
869, 870 [2016]). "To obtain the remedy of a constructive trust, a party is generally required
to establish four factors, or elements, by clear and convincing evidence: (1) a confidential or
fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment
flowing from the breach of the promise" (Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1490 [2020]; see Hernandez v Florian, 173 AD3d
1144, 1145 [2019]; Sanxhaku v
Margetis, 151 AD3d 778, 779 [2017]). "These factors, or elements, serve only as a
guideline, and a constructive trust may still be imposed even if all four elements are not
established, provided that those factors are substantially present" (Delidimitropoulos v
Karantinidis, 186 AD3d at 1490-1491 [internal quotation marks and citations omitted]; see Monterosso v Garguilo, 181 AD3d
586, 586-587 [2020]; Seidenfeld v
Zaltz, 162 AD3d 929, 935 [2018]). 
Here, tenant failed to establish that the elements of a constructive trust were substantially
present. Although the parties, as familial relatives, shared a confidential relationship (see e.g. Rowe v Kingston, 94 AD3d
852, 853-854 [2012]; Marini v
Lombardo, 79 AD3d 932, 933-934 [2010]; Reiner v Reiner, 100 AD2d 872, 874
[1984]), there is no evidence that landlord made a promise to tenant, express or implied, that
tenant would have an interest in the subject apartment; nor is there evidence that tenant's
payments, either to landlord or to the condominium board, were made in reliance on such a
promise (see Delidimitropoulos v Karantinidis, 186 AD3d at 1491; Monterosso v
Garguilo, 181 AD3d at 587; Seidenfeld v Zaltz, 162 AD3d at 935).
Tenant's remaining contentions are either without merit or raised for the first time in her
reply brief (see Matter of Erdey v City of
New York, 129 AD3d 546, 546-547 [2015]; U.S. Bank N.A. v Dellarmo, 128 AD3d 680, 681 [2015]).
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 22, 2021