Chinuch v Congregation Lubavitch, Inc. (2024 NY Slip Op 24017)

[*1]

Chinuch v Congregation Lubavitch, Inc.

2024 NY Slip Op 24017

Decided on January 19, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on January 19, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-414 K C

Merkos L'Inyonei Chinuch and Merkos L Chinuch, Respondents, against
against
Congregation Lubavitch, Inc. ("CLI"), Congregation Lubavitch of Agudas Chasidei Chabad, Congregation Lubavitch, Doing Business as Lubavitch World Headquarters, Zalman Lipskier, Avrohom Holtzberg and Sholom Ber Kievman, Appellants, Yosef Losh and Menachem Gerlitzky, Occupants. Agudas Chasidei Chabad of the United States, Respondent, against Congregation Lubavitch, Inc. ("CLI"), Congregation Lubavitch of Agudas Chasidei Chabad, Congregation Lubavitch, Doing Business as Lubavitch World Headquarters, Zalman Lipskier, Avrohom Holtzberg and Sholom Ber Kievman, Appellants, Yosef Losh and Menachem Gerlitzky, Occupants. Merkos L' Inyonei Chinuch and Merkos L Chinuch, Respondents, Congregation Lubavitch, Inc. ("CLI"), Congregation Lubavitch of Agudas Chasidei Chabad, Congregation Lubavitch, Doing Business as Lubavitch World Headquarters, Zalman Lipskier, Avrohom Holtzberg and Sholom Ber Kievman, Appellants, Yosef Losh and Menachem Gerlitzky, Occupants. 

Appellate Term Docket No.
2022-415 K C
Lower Court # 106105/11
Appellate Term Docket No.
2022-416 K C
Lower Court # 106107/11
Edward S. Rudofsky, P.C. (Edward S. Rudofsky of counsel), for appellants.
The Abramson Group, PLLC (Howard Wintner and David S. Abramson of counsel), for respondents.

Appeals from three final judgments of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.; op 2020 NY Slip Op 50535[U]), each entered January 6, 2022 in a separate RPAPL 713 summary proceeding. Each final judgment, insofar as appealed from, after a joint nonjury trial, awarded possession to the petitioner(s) in that proceeding as against respondents Congregation Lubavitch, Inc. ("CLI"), Congregation Lubavitch of Agudas Chasidei Chabad, Congregation Lubavitch, Doing Business as Lubavitch World Headquarters, Zalman Lipskier, Avrohom Holtzberg and Sholom Ber Kievman.

ORDERED, on the court's own motion, that the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that so much of the appeals from each of the three final judgments as was by Congregation Lubavitch of Agudas Chasidei Chabad and Congregation Lubavitch, Doing Business as Lubavitch World Headquarters, is dismissed, all proceedings taken against Congregation Lubavitch of Agudas Chasidei Chabad and Congregation Lubavitch, Doing Business as Lubavitch World Headquarters, in the Civil Court, including so much of the final judgments entered against each of them on January 6, 2022, are vacated, and so much of the petitions as were asserted against each of them in the respective summary proceeding are dismissed; and it is further, 
ORDERED that the final judgment in appeal No. 2022-414 K C, insofar as appealed from and reviewed, is modified by vacating so much thereof as was entered against Congregation Lubavitch, Inc. ("CLI"), and so much of the petition as was asserted against Congregation Lubavitch, Inc. ("CLI"), is dismissed; as so modified, the final judgment, insofar as appealed from and reviewed, is affirmed, without costs; and it is further,
ORDERED that the final judgment in appeal No. 2022-415 K C, insofar as appealed from and reviewed, is modified by vacating so much thereof as was entered against Congregation Lubavitch, Inc. ("CLI"), and so much of the petition as was asserted against Congregation Lubavitch, Inc. ("CLI"), is dismissed; as so modified, the final judgment, insofar as appealed from and reviewed, is affirmed, without costs; and it is further,
ORDERED that the final judgment in appeal No. 2022-416 K C, insofar as appealed from and reviewed, is affirmed, without costs. 
Petitioner Agudas Chasidei Chabad of the United States (Agudas), a New York religious corporation and owner of 770 Eastern Parkway, Brooklyn, New York (hereinafter 770), commenced a licensee/squatter summary proceeding (RPAPL 713 [3], [7]) against all eight respondents to recover possession of 770 (appeal No. 2022-415 K C).
Petitioner Merkos L'Inyonei Chinuch (Merkos), a New York religious corporation and owner of 784-788 Eastern Parkway, Brooklyn, New York (hereinafter 784-788), commenced a licensee/squatter summary proceeding (RPAPL 713 [3], [7]) against all eight respondents to recover possession of 784-788 (appeal No. 2022-414 K C). (It is noted that 784-788 was previously owned by Merkos L'Inyonei Chinuch, Inc. [Merkos, Inc.], a non-profit corporation. It was stipulated at trial that Merkos, Inc., merged into Merkos in 2011 prior to the commencement of this proceeding.)
Merkos, owner of 302-304 Kingston Avenue, Brooklyn, New York (hereinafter 302-304), commenced a licensee/squatter summary proceeding (RPAPL 713 [3], [7]) against all eight respondents to recover possession of the southeast room of the second floor of 302-304 (appeal No. 2022-416 K C), identifying the space in the petition as "Gaboyim-CLI Office" (hereinafter "the 302-304 office space"). (It is noted that 302-304 was also previously owned by Merkos, Inc.)
While a final judgment was entered against the eight respondents in each of the proceedings,[FN1]
only six have appealed: Congregation Lubavitch, Inc. ("CLI") (hereinafter CLI), Congregation Lubavitch of Agudas Chasidei Chabad, Congregation Lubavitch, Doing Business as Lubavitch World Headquarters, Zalman Lipskier, Avrohom Holtzberg and Sholom Ber Kievman. Congregation Lubavitch of Agudas Chasidei Chabad and Congregation Lubavitch, Doing Business as Lubavitch World Headquarters, were named, in each of the respective petitions, as unincorporated associations. However, unincorporated associations have "no legal existence separate and apart from [their] individual members" (2834-2838 Brighton 3rd St. Condominium v Bazinian, 66 Misc 3d 143[A], 2020 NY Slip Op 50180[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; see Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1025:2; see also Pascual v Rustic Woods Homeowners Assn., Inc., 134 AD3d 1006 [2015]), and "an action or special proceeding may not be maintained nor may judgment be entered against an unincorporated association in its proper name" (Matter of Motor Haulage Co. [Teamsters' Union], 298 NY 208, 212 [1948]). The only way to bring a special proceeding against an unincorporated association is to bring it "against the [*2]president or treasurer of such an association" (General Associations Law § 13; see CPLR 1025), unless the petitioner wishes to name each member of the association (see Martin v Curran, 303 NY 276 [1951]). While the petitions allege that respondent Zalman Lipskier "acts in a representative capacity equivalent to president of Congregation Lubavitch of Agudas Chasidei Chabad," we deem that insufficient to maintain a proceeding against Congregation Lubavitch of Agudas Chasidei Chabad, and note that this allegation was denied in the respective answers. Although this error could have been corrected (see Matter of Stephentown Concerned Citizens v Herrick, 223 AD2d 862, 864 n 2 [1996]; Concerned Citizens of Albany-Shaker Rd. v State of New York, 140 AD2d 842, 843 [1988]) if either party has a president or treasurer to be named, it was not corrected (see Westport Condominium Assn. v Mayzel, 62 Misc 3d 140[A], 2019 NY Slip Op 50066[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]) and, thus, the final judgments were improperly entered against these associations. As there was no proof that so much of the appeals as was by the alleged unincorporated associations, Congregation Lubavitch of Agudas Chasidei Chabad and Congregation Lubavitch, Doing Business as Lubavitch World Headquarters, was taken by authorized individuals (cf. General Associations Law § 12), their appeals must be dismissed. Furthermore, all proceedings taken against each of them, including so much of the final judgments as were entered against each of them on January 6, 2022, are vacated, and so much of the petitions as were asserted against each of them in the respective summary proceeding are dismissed, as they are not parties in those proceedings. 

Before us are appeals by respondents CLI, Zalman Lipskier, Avrohom Holtzberg and Sholom Ber Kievman. We are aware that there is a long history between them and petitioners, which history is summarized in Merkos L'Inyonei Chinuch, Inc. v Sharf (18 Misc 3d 1111[A], 2007 NY Slip Op 52495[U] [Sup Ct, Kings County 2007], mod 59 AD3d 408 [2009]) and in the decision of the Civil Court in this case (Agudas Chasidei Chabad of the United States v Congregation Lubavitch, Inc., 67 Misc 3d 1214[A], 2020 NY Slip Op 50535[U] [Civ Ct, Kings County 2020]). We note, at the outset, that the only issue before us is whether, based upon the arguments made on appeal, there is a basis to reverse or modify so much of any of the final judgments as awarded possession to the respective petitioners against appellants. 

Agudas is a religious corporation incorporated in 1940 to establish, maintain and conduct a place of worship, and to acquire real property for that objective. Merkos is also a religious corporation. 770 and 784-788 contain a shared synagogue space ("the synagogue"), which is used by the Lubavitch community, and various other spaces used for offices, libraries and a residence. Respondent Sholom Ber Kievman is the volunteer caretaker of the synagogue. The religious services held in the synagogue have been led by a group of individuals, each of whom is known as a Gabbai and collectively as Gabbais (also known as Gabboim [see Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 408; Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403 (2009)]). The Gabbais also perform administrative functions as managers of the synagogue. Respondents Zalman Lipskier and Avrohom Holtzberg are Gabbais. The 302-304 office space is allegedly occupied by, among others, CLI, "a not-for-profit corporation that was formed in 1996 by the Gabboim" (Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d at 406).

The respective petitions allege that all of the respondents named in the petition have "intruded into or squatted upon the Premises without the permission of the Petitioner" (see RPAPL 713 [3]) or, in the alternative, that they "maintain possession of the Premises by virtue of a purported license heretofore granted to some or all of them, or to a person or persons presently unknown," and that any such license has been revoked by 10-day notices to quit (see RPAPL 713 [7]). After a nonjury trial, the Civil Court characterized these proceedings as licensee proceedings and, after rejecting respondents' multiple affirmative defenses, determined that each petitioner was entitled to the entry of a final judgment of possession in the respective proceeding against all respondents. Appellants do not challenge the Civil Court's findings that they are licensees—indeed they identify themselves as such. Thus, we treat these proceedings as being based solely on RPAPL 713 (7) in which respondents' designation as licensees is not an issue.

Appellants contend that the 10-day notices to quit were defective because the people who signed them were not authorized to do so. Appellants further contend that so much of the petitions as were asserted against CLI should be dismissed because, in a prior action in Supreme Court, Kings County (Merkos L'Inyonei Chinuch, Inc. v Sharf, 18 Misc 3d 1111[A], 2007 NY Slip Op 52495[U]), CLI had been ejected from 770 and 784-788 and it maintains no presence in the 302-304 office space and, thus, any claim which could have been raised against CLI by petitioners is barred by the doctrine of res judicata. Appellants also contend that the summary proceedings are barred by the applicable statute of limitations; that the dispute is not justiciable since it involves issues of religious doctrine and internal governance; that the premises are held in a statutory trust pursuant to Religious Corporation Law § 5 or as a constructive or implied charitable trust; that petitioners commenced these proceedings in bad faith for the improper purpose of wresting control of the synagogue from the Gabbais; and that, if the proceedings are not dismissed, they should be converted to a single plenary action which should have been brought in the Supreme Court. 

Here, appellants did not allege in their answers that the 10-day notices to quit were defective on the ground that they were not signed by persons authorized to do so, and it was not until after the trial, in their proposed findings of facts and conclusion of law, that this issue was presented by appellants. The failure to raise a claim of a defective notice to quit until after a trial constitutes a waiver (see Matter of 322 W. 47th St. HDFC v Loo, 153 AD3d 1143 [2017]).

Pursuant to the doctrine of res judicata, or claim preclusion, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). "Res judicata is designed to provide finality in the resolution of disputes to assure that parties may not be vexed by further litigation" (Matter of Reilly v Reid, 45 NY2d 24, 28 [1978]). "It forbids relitigation of the matter as an unjustifiable duplication, an unwarranted burden on the courts as well as on opposing parties. Its main predicate is that the party against whom it is being invoked has already had a day in court and, if it was not satisfactory, the proper course was to appeal the unsatisfactory result rather than ignore it and attempt its relitigation in a separate action" (David D. Siegel & Patrick M. Connors, New [*3]York Practice § 442 at 850 [6th ed 2018]). "The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second" (Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 308 [1929]; see Statter v Statter, 2 NY2d 668, 673 [1957]; Ripley v Storer, 309 NY 506, 513 [1956]). "[A] party seeking to assert res judicata must show the existence of a prior judgment on the merits between the same parties, or those in privity with them, involving the same subject matter" (HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651 [2020]).

In an earlier action maintained by Agudas and Merkos, Inc. in Supreme Court, Kings County, Agudas and Merkos, Inc. were ultimately successfully on a cause of action for ejectment against CLI (Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 408) with respect to the 770 and 784-788 premises. In that action, CLI "stipulated that it does not have any right to occupy the premises based upon a lease or a license" (id. at 410). The Supreme Court ruled that Agudas and Merkos, Inc. were the respective owners of the buildings, each with the right of possession; that CLI had no right of possession; and that the evidence established that CLI effectively prevented Agudas and Merkos, Inc. from use and dominion of the premises. The court awarded Agudas and Merkos, Inc. judgment granting them each immediate possession of 770 and 784-788, respectively, the only premises at issue in that case, as against CLI, and directed CLI to deliver immediate possession of the same to Agudas and Merkos, Inc. (Merkos L'Inyonei Chinuch, Inc. v Sharf, 2007 NY Slip Op 52495[U], *5-6). The Appellate Division affirmed so much of the judgment as ejected CLI from each property (Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 408).

As the ejectment action was brought to a final conclusion ejecting CLI from 770 and 784-788, neither Agudas nor Merkos, the successor in interest to Merkos, Inc., may maintain a cause of action to obtain possession from CLI, since neither petitioner alleged or provided proof in these proceedings of a set of facts as to CLI's presence and involvement in 770 and 784-788 that was different from those in the ejectment action. Moreover, there were no facts alleging that CLI had returned to either premises after having vacated them pursuant to the judgment rendered in the ejectment action (see Members of the Dekalb Ave. Condominium Assn. v Klein, 172 AD3d 1196 [2019]; Jones v Riese Org., 93 AD3d 598 [2012]). Thus, to the extent the summary proceedings seeking to recover possession of 770 and 784-788 were interposed against CLI, they are barred under the doctrine of res judicata and so much of those respective petitions as were asserted against CLI must be dismissed.

However, we find that there is no merit to appellants' argument that the summary proceeding seeking to recover possession of the 302-304 office space is barred by res judicata. While a valid judgment bars future actions between the same parties on the same cause of action (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]), the prior ejectment action only related to 770 and 784-788—Agudas and Merkos, Inc. did not seek to recover the 302-304 office space in the ejectment action (see Katz Park Ave. Corp. v Jagger, 46 AD3d 186, 191 [2007], affd 11 NY3d 314 [2008]).

With respect to the argument that the dispute is not justicable because it involves issues of religious doctrine and internal governance, we note that

"[t]he First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs. Civil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis for their resolution. The 'neutral principles of law' approach requires the court to apply objective, well-established principles of secular law to the issues. In doing so, courts may rely upon internal documents, such as a congregation's bylaws, but only if those documents do not require interpretation of ecclesiastical doctrine. Thus, judicial involvement is permitted when the case can be 'decided solely upon the application of neutral principles of . . . law, without reference to any religious principle' " (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007], quoting Avitzur v Avitzur,58 NY2d 108, 115 [1983]; see Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403; Trustees of Diocese of Albany v Trinity Episcopal Church, 250 AD2d 282, 285 [1999]). 

In New York, religious groups may organize into corporations pursuant to the Religious Corporations Law. "Constitutional problems are avoided because the Religious Corporations Law governs a religious corporation's temporal affairs, while spiritual affairs remain with the religion's leadership" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 31 AD3d 541, 543 [2007], affd 9 NY3d 282). "[W]henever the questions of discipline, or of faith, or ecclesiastical rule, custom, or law have been decided by the highest of these church judicatories to which the matter has been carried, the legal tribunals must accept such decisions as final, and as binding on them, in their application to the case before them" (Watson v Jones, 80 US 679, 727 [1872]).

"[T]he State has a legitimate interest in resolving property disputes, and . . . a civil court is a proper forum for that resolution" (First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 118 [1984] [internal quotation marks omitted]). Contrary to appellants' argument, judicial involvement is permitted in these three summary proceedings to recover possession of premises, since the issue of the continued occupancy or possession of the various premises can be "decided solely upon the application of neutral principles of . . . law, without reference to any religious principle" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286 [internal quotation marks omitted]), by analyzing the deeds to these premises, the certificates of incorporation and the bylaws. 

Religious Corporations Law § 5 "vests the custody and control of a religious corporation's real property in the board of trustees, and directs the administration of such property in accordance with the discipline, rules and usages of the corporation [and of the ecclesiastical governing body, if any,] to which the corporation is subject, and with the provisions of law [*4]relating thereto, for the support and maintenance of the corporation, or, providing the members of the corporation at a meeting thereof shall so authorize, of some religious, charitable, benevolent or educational object conducted by said corporation or in connection with it, or with the denomination, if any, with which it is connected" (Blaudziunas v Egan,18 NY3d 275, 281 [2011] [internal quotation marks omitted]).

Here, it was undisputed that each deed as to the different properties vested title in the respective petitioner. Petitioners' bylaws are consistent with Religious Corporations Law § 5 as they uniformly recognize the authority of the board of trustees to control the property. It has not been shown that there is anything in the deeds to these premises that establishes a trust in favor of appellants (see Trustees of Diocese of Albany v Trinity Episcopal Church of Gloversville, 250 AD2d 282, 286-287 [1999]).

A claim of a constructive trust can be asserted by a respondent as an affirmative equitable defense to a summary proceeding (see Fizzinoglia v Capozzoli, 58 Misc 3d 149[A], 2018 NY Slip Op 50081[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Freire v Fajardo, 28 Misc 3d 137[A], 2010 NY Slip Op 51453[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). "To obtain the remedy of a constructive trust, a party is generally required to establish four factors, or elements, by clear and convincing evidence: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise" (Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1490 [2020]; see Hernandez v Florian, 173 AD3d 1144, 1145 [2019]; Sanxhaku v Margetis, 151 AD3d 778, 779 [2017]; Yau v Yau, 73 Misc 3d 134[A], 2021 NY Slip Op 51029[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; see also Agudas Chasidei Chabad of U.S. v Gourary,833 F2d 431, 436 [2d Cir 1987][applying New York Law]). "[T]he promise need not be express, but may be implied based on the circumstances of the relationship [of the parties] and the nature of the transaction" (Baker v Harrison, 180 AD3d 1210, 1211-1212 [2020], quoting Moak v Raynor, 28 AD3d 900, 902 [2006]; see Beason v Kleine, 96 AD3d 1611, 1613 [2012]; Watson v Pascal, 65 AD3d 1333, 1334 [2009]). The element of a transfer in reliance includes "instances where funds, time and effort were contributed in reliance on a promise to share in some interest in property, even though no transfer actually occurred" (Baker v Harrison, 180 AD3d at 1212; see Hernandez v Florian, 173 AD3d at 1145; Marini v Lombardo, 79 AD3d 932, 934 [2010]). "These factors, or elements, serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established, provided that those factors are substantially present" (Delidimitropoulos v Karantinidis, 186 AD3d at 1490-1491 [internal quotation marks and citations omitted]; see Monterosso v Garguilo, 181 AD3d 586, 586-587 [2020]; Seidenfeld v Zaltz, 162 AD3d 929, 935 [2018]). 

Here, appellants have failed to establish the elements of a constructive or implied charitable trust. There was no proof establishing the existence of a confidential or fiduciary relationship, or a promise to appellants, express or implied, that they would have an interest in the subject premises, and there was no proof establishing that a trust was intended to be created based on donations made by the religious community in reliance on such a promise, as argued by [*5]appellants (see Delidimitropoulos v Karantinidis, 186 AD3d at 1491; Monterosso v Garguilo, 181 AD3d at 587; Seidenfeld v Zaltz, 162 AD3d at 935). 

We find appellants' remaining contentions to be without merit. In view of the foregoing, on this appeal, appellants have not established any rights to the subject premises, let alone rights greater than petitioners' rights.

We note that the record indicates that a Beis Din [FN2]
determined that the Gabbais who were elected prior to a 1995 ruling by the Beis Din could serve as Gabbais in leading the religious services conducted at 770. That determination is not before us, as it is not for this court to determine, in these summary proceedings to recover property, whether the individuals serving as Gabbais can continue to serve in that position in the synagogue, which continues to be a place of worship for the Lubavitch community (see Matter of Ming Tung v China Buddhist Assn., 124 AD3d 13 [2014]). We further note that, in their brief on appeal, petitioners state that they are operating the synagogue for religious purposes and that "once [they] regain possession and control of the Synagogue, any person who acts with proper decorum will be allowed to worship at the Synagogue."

Accordingly, the final judgments in the summary proceedings seeking to recover possession of 770 and 784-788, insofar as appealed from and reviewed, are modified by vacating so much of those two final judgments as are against Congregation Lubavitch, Inc. ("CLI"), and so much of the petitions in those two proceedings as are asserted against Congregation Lubavitch, Inc. ("CLI"), are dismissed, and the final judgment in the summary proceeding to recover possession of the 302-304 office space, insofar as appealed from and reviewed, is affirmed.

TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 19, 2024

Footnotes

Footnote 1: It is noted that the final judgments in appeal No. 2022-414 KC and 2022-416 KC were entered in favor of two parties, Merkos and Merkos L Chinuch. It is not clear from the record what Merkos L Chinuch is or why it was added to the caption, but no one has argued that it is an improper party.

Footnote 2: "[A] religious tribunal that adjudicates disputes according to Jewish law and custom" (Matter of Meisels v Uhr, 79 NY2d 526, 531 [1992]).